Robert Chalfant (State Bar No. 203051)
LAW OFFICE OF ROBERT CHALFANT
5701 Lonetree Blvd., Suite 312
Rocklin, CA 95765
Telephone:  (916) 647-7728
Facsimile:  (916) 930-6093
Email:  robert@rchalfant.com

Attorney for Plaintiff
DANIEL RIPPY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DANIEL RIPPY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO and DOES 1 TO 10.<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## I.　　INTRODUCTION

DANIEL RIPPY's arm was broken in the Sacramento County Main Jail by a Sacramento County Sheriff's Deputy who utilized excessive force on or about December 11, 2021. DANIEL RIPPY brings this action for damages as set forth herein.

## II.　　JURISDICTION & VENUE

1.　This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Defendants are located in the Eastern District of California and because the acts and/or omissions stated herein occurred in the Eastern District of California.

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rippy v. County of Sacramento, et al*, United States District Court, Eastern District of California, Case No. _____

3. Intradistrict venue is proper in the Sacramento Division of the United States District Court for the Eastern District of California under Local Rule 120(d), because this action arises from acts and/or omissions which occurred in the County of Sacramento.

### III.  EXHAUSTION

4. DANIEL RIPPY submitted a timely government claim to the COUNTY OF SACRAMENTO regarding the claims alleged in this action on June 3, 2022. DANIEL RIPPY's tort claim was rejected in writing on July 7, 2022.

### IV.  PARTIES

5. Plaintiff DANIEL RIPPY ("Plaintiff" or "RIPPY") is, and at all relevant times hereto was, a resident of the State of California, County of ALAMEDA. Plaintiff DANIEL RIPPY brings this action in his individual capacity on behalf of himself.

6. Defendant COUNTY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2. Defendant COUNTY OF SACRAMENTO was, at all times mentioned herein, responsible for the actions or inactions of its employees and the policies, procedures and practices/customs of the Sacramento County Sheriff's Department.

7. Defendant DOES 1 to 10 are and/or were agents or employees of Defendant COUNTY OF SACRAMENTO and/or the Sacramento County Sheriff's Department, acting within the scope of that employment and under color of state law. Defendants DOES 1 to 10 true and correct names and identities are not currently known. Defendant DOES 1 to 10 are sued by their fictitious names and true and correct names and identities will be substituted when ascertained.

### V.  GENERAL ALLEGATIONS

8. At all times relevant herein, all wrongful and unlawful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

9. The Sacramento County Sheriff's Department is responsible for operating the Sacramento County Main Jail (S.C.M.J.) located at 651 I Street, Sacramento, California.

10. On or about December 11, 2021, Plaintiff was arrested in Rancho Cordova for allegedly trespassing and transported to S.C.M.J.

11. During the intake booking process at the S.C.M.J., RIPPY was instructed to open his

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rippy v. County of Sacramento, et al*, United States District Court, Eastern District of California, Case No. _____

mouth.

12. RIPPY, who did not understand the booking processes and procedures, questioned why he needed to open his mouth and initially refused.

13. After refusing to open his mouth, RIPPY was surrounded and grabbed by several deputies, where upon he stated that he would do as directed and comply with their request.

14. A Deputy (DOE 1) informed RIPPY that "It's too late" and he was mobbed and taken to the floor. RIPPY continued to state that he would comply as the deputies were grabbing him and pushing him down.

15. Once on the floor, DOE 1 violently punched RIPPY in the right arm, just above the elbow, and his arm was broken. All of the Deputies that were present knew instantly that his arm was broken as they could hear it break.

16. RIPPY was not resisting and posed no threat to any of the deputies that were present prior to being taken to the floor and prior to being punched by DOE 1.

17. RIPPY experienced severe pain after DOE 1 broke his arm and Deputies requested immediate medical attention from medical providers employed at S.C.M.J.

18. RIPPY was seen by a nurse, placed in a wheelchair and transported to Sutter General Hospital where he underwent x-ray examination that confirmed a fractured humerus. A plaster cast was applied to immobilize the injured arm, he was provided medications to help with the pain and he was kept overnight for treatment and observation.

19. RIPPY was informed it would take 3 to 4 months for the humerus fracture to heal.

20. Upon his release from Sutter Memorial Hospital, he was returned to S.C.M.J. where he remained for two days before being released on his own recognizance.

21. RIPPY continued to experience severe pain after his return to the Main Jail, and the pain prevented him from sleeping. RIPPY asked deputies multiple times to send a nurse for evaluation and treatment during his two day period of incarceration.

22. RIPPY was never seen by a medical provider at S.C.M.J. even though he had just suffered a fractured arm, was wearing a cast and made multiple requests to be seen by medical providers.

23. After he was released from S.C.M.J., he began treatment at Stanford Valley Care in

3

COMPLAINT; DEMAND FOR JURY TRIAL
*Rippy v. County of Sacramento, et al*, United States District Court, Eastern District of California, Case No. _____

Pleasanton, California and Highland Hospital in Oakland, California. This treatment was required because the cast had been incorrectly placed on his arm at Sutter Memorial Hospital, causing his further pain and discomfort.

24. RIPPY's arm remains deformed, and he continues to experience pain, numbness and tingling after his release from S.C.M.J. RIPPY also continues to suffer mental and emotional distress as a result of his treatment in the jail and the physical and emotional injuries he sustained.

25. Mr. RIPPY has been unable to seek re-employment in the fast-food industry as a result of his arm being broken and has lost income and wages as a result of this ordeal.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

**Unreasonable Seizure/Excessive Force**

**(42 U.S.C. Section 1983)**

*Against Defendants DOES 1-10*

26. Plaintiff DANIEL RIPPY re-alleges and incorporates by reference paragraphs 1 through 25, as though fully set forth herein.

27. The actions of defendants DOES 1 to 10 alleged herein, including but not limited to grabbing and taking RIPPY to the jail floor and of DOE 1 violently punching RIPPY in the arm causing a humerus fracture, were unreasonable and excessive uses of force. This claim incorporates liability based on the theories of integral participation/failure to intervene on behalf of DOES 1 to 10. Main Jail Deputies had the opportunity to intervene and stop other deputies from violently throwing RIPPY to the floor and to stop DOE 1 from violently punching Mr. RIPPY in the arm but failed to do so. Defendant DOES 1-10 conduct violated RIPPY's rights protected by the Fourth Amendment of the United States Constitution.

28. As a direct and proximate result of said acts and/or omissions by defendants, RIPPY suffered injuries and damages as alleged herein and to which RIPPEY is entitled to recover damages for past and future medical care, past and future pain and suffering, past and future mental and emotional distress, lost wages/loss of earning capacity, costs and attorneys' fees.

29. The aforementioned acts and/or omissions of said defendants were willful, wanton,

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rippy v. County of Sacramento, et al*, United States District Court, Eastern District of California, Case No. _____

malicious and done with conscious or reckless disregard for the rights and safety of the decedent, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof.

## SECOND CLAIM FOR RELIEF

### "Bane Act"

### (California Civil Code Section 52.1 et. seq.)

*Against Defendants COUNTY OF SACRAMENTO and DOES 1-10*

30.    Plaintiff DANIEL RIPPY re-alleges and incorporates by reference paragraphs 1 through 22, as though fully set forth herein.

31.    The actions of defendants DOES 1 to 10, as alleged herein, including but not limited to taking DANIEL RIPPY to the floor and of DOE 1 violently punching RIPPY in the arm were intentional, unreasonable and excessive uses of force that violated rights protected by the California State Constitution, specifically, the right to be free of unreasonable search and seizures. Defendants' conduct is therefore actionable under California Civil Code Section 52.1 et seq, the "Bane Act."

32.    As a direct and proximate result of said acts and/or omissions by defendants, Plaintiff DANIEL RIPPY seeks to recover damages for past and future medical care, past and future pain and suffering, past and future mental and emotional distress, lost wages/loss of earning capacity, costs and attorneys' fees.

33.    The aforementioned acts and/or omissions of said individual defendants were willful, wanton, malicious and done with conscious or reckless disregard for the rights and safety of DANIEL RIPPY, thereby entitling plaintiff to an award of exemplary and punitive damages according to proof against DOE 1.

34.    Defendant COUNTY OF SACRAMENTO is liable for the wrongful acts of defendants DOES 1-10 pursuant to California Government Code Section 815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's acts would subject them to liability.

## THIRD CLAIM FOR RELIEF

### Negligence

### (California State Common Law)

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rippy v. County of Sacramento, et al*, United States District Court, Eastern District of California, Case No. _____

*Against COUNTY OF SACRAMENTO and DOES 1-10*

35. Plaintiff DANIEL RIPPY re-alleges and incorporates by reference paragraphs 1 through 34, as though fully set forth herein.

36. Defendants, and each of them, owed DANIEL RIPPY a duty of care. Specifically, defendants had a duty to act with reasonable care, including by using only appropriate tactics, giving appropriate commands and warnings, refraining from using unreasonable force, refraining from using tactics and procedures that violate generally accepted law enforcement standards and refraining from violating DANIEL RIPPY's rights.

37. Defendant COUNTY OF SACRAMENTO had a duty to properly train defendants regarding proper tactics, commands and warnings, and refrain from using force for the sole purpose of inflicting pain and punishment on individuals that questioned S.C.M.J. booking processes, and refrain from violating DANIEL RIPPY's rights.

38. Defendants DOES 1-10 conduct was carried out with malice and with a willful and conscious disregard for the rights and safety of Plaintiff.

39. Defendant COUNTY OF SACRAMENTO is liable for the wrongful acts of defendant DOES 1-10 pursuant to California Government Code Section 815.2(a), which provides that a public entity is liable for the injuries caused by its employees acting within the scope of employment if the employee's act would subject them to liability.

**FOURTH CLAIM FOR RELIEF**

**Assault and Battery**

**(California State Common Law)**

*Against Defendants COUNTY OF SACRAMENTO and DOES 1-10*

40. Plaintiff DANIEL RIPPY re-alleges and incorporates by reference paragraphs 1 through 39, as though fully set forth herein.

41. The actions of defendants DOES 1 to 10, as alleged herein, including but not limited to mobbing Plaintiff and taking him to the floor for questioning a booking process and the actions of DOE 1 violently striking Plaintiff in the arm once on the floor, were wrongful, intentional and unwelcome bodily contact, constituting assault and battery.

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rippy v. County of Sacramento, et al*, United States District Court, Eastern District of California, Case No. _____

42. As a direct and proximate result of said tortious acts and/or omissions by defendants, plaintiff DANIEL RIPPY suffered the injuries alleged herein, entitling him to damages for past and future medical care, past and future pain and suffering, past and future mental and emotional distress and loss of wages/lost earning capacity.

43. The aforementioned acts and/or omissions of said individual defendants were willful, wanton, malicious and done with conscious disregard for the rights and safety of DANIEL RIPPY, thereby entitling plaintiff to an award of exemplary and punitive damages against defendants DOES 1-10 according to proof.

44. Defendant COUNTY OF SACRAMENTO is liable for the wrongful acts of defendant deputies DOES 1-10 pursuant to California Government Code Section 815.2(2), which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject them to liability.

## FIFTH CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress**

**(California State Common Law)**

*Against Defendants COUNTY OF SACRAMENTO and DOES 1-10*

45. Plaintiff DANIEL RIPPY re-alleges and incorporates by reference paragraphs 1 through 44, as though fully set forth herein.

46. Defendants DOES 1 to 10, acting or purporting to act in the performance of their official duties as law enforcement officers, engaged in extreme and outrageous conduct, including using force against an individual who posed no threat and DOE 1's act of violently striking DANIEL RIPPY causing a broken arm even though he posed no threat to officers and said he would comply with their demands. As a result of that outrageous conduct, Plaintiff DANIEL RIPPY suffered severe and extreme emotional and mental distress.

47. Defendant DOES 1 to 10, acting in the performance of their official duties as law enforcement officers, engaged in outrageous conduct, including aiding and abetting DOE 1's use of unreasonable and excessive force against Plaintiff DANIEL RIPPY and, as a result of said conduct, Plaintiff DANIEL RIPPY suffered severe emotional distress.

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rippy v. County of Sacramento, et al*, United States District Court, Eastern District of California, Case No. _____

48. Defendant COUNTY OF SACRAMENTO is indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment.

49. Defendants DOES 1 to 10 acts and/or omissions constituted oppression, fraud and/or malice thereby entitling Plaintiff to an award of exemplary and punitive damages against defendants DOES 1-10 according to proof.

50. As a direct and proximate result of said tortious acts and/or omissions by defendants, plaintiff DANIEL RIPPY suffered the injuries alleged herein, entitling him to damages for past and future medical care, past and future pain and suffering, past and future mental and emotional distress and lost wages/loss of earning capacity.

### VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1. For compensatory, general, and special damages against each defendant, jointly and severally, as permitted by law and in the amount proven at trial.

2. For punitive and exemplary damages against each individual defendant in an amount appropriate to punish that defendant and deter others from engaging in similar misconduct, as allowed by law.

3. For an award of statutory penalties, pursuant to Cal. Civ. Code Section 52.1 and other statutes as may be applicable.

4. For costs of suit and costs and reasonable attorneys' fees pursuant to Title 42 United States Code Section 1988, California Code of Civil procedure Section 1021.5, California Civil Code Section 52.1, and as otherwise authorized by law.

Dated: August 26, 2022                          Respectfully Submitted,

By: /s/ Robert Chalfant_____
Robert Chalfant
LAW OFFICE OF ROBERT CHALFANT
Attorney for Plaintiff DANIEL RIPPY

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rippy v. County of Sacramento, et al*, United States District Court, Eastern District of California, Case No. _____

## VIII. DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.

Dated: August 26, 2022                              Respectfully Submitted,


                                                    By: /s/ Robert Chalfant
                                                        Robert Chalfant
                                                        LAW OFFICE OF ROBERT CHALFANT
                                                        Attorney for Plaintiff DANIEL RIPPY

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Rippy v. County of Sacramento, et al*, United States District Court, Eastern District of California, Case No. _____